UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Kenneth Porter,** *Plaintiff,* v. **The Bank of Orrick,** *Defendant.* | Case Number: **JURY TRIAL DEMANDED** |

COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Kenneth Porter ("**Mr. Porter**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, The Bank of Orrick ("**Orrick**"), stating as follows:

PRELIMINARY STATEMENT

1. This is an action brought by Mr. Porter against Orrick for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Orrick is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Orrick within Polk County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Porter

5. Mr. Porter is a natural person residing in the City of Lakeland, Polk County, Florida.

6. Mr. Porter is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Orrick

7. Orrick is a federally-regulated bank with a principal business address of **113 E. South Front St., Orrick, MO 64077**.

8. An officer, partner, or managing or general agent of Orrick's can be found at Orrick's principal business address.

9. Orrick's registered agent address is **P.O. Box 199, Orrick, MO 64077**.

## FACTUAL ALLEGATIONS

10. Between September 2, 2022, and December 1, 2022, Orrick requested and obtained credit reports on Mr. Porter at least four separate times from Clarity Services, Inc. ("**Clarity**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**"). **SEE PLAINTIFF'S EXHIBIT A.**

11. In January 2023, Orrick obtained at least one additional credit report on Mr. Porter from Clarity.

12. The FCRA, 15 U.S.C. § 1681a(d)(1), defines a *Consumer Report* as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living…"

13. The information contained in the consumer reports regarding Mr. Porter, including his current and past employment history, and the current and past classification of residence, bear on his mode of living and credit worthiness.

14. The FCRA, 15 U.S.C. § 1681b(f), requires that any person who procures a consumer report have a *permissible purpose* for doing so.

15. The FCRA further requires that any person who procures a consumer report state to the CRA the purpose it has at the time it requests such a report.

16. In each instance, Orrick certified its permissible purpose was "Account Review."  **SEE PLAINTIFF'S EXHIBIT A.**

17. Mr. Porter had no accounts with Orrick between September 2, 2022, and the filing of this Complaint, nor did he make any application for credit, employment, or insurance with Orrick.

18. Therefore, Orrick had no basis to request reports on Mr. Porter as it had no need to determine if he continued to meet the eligibility requirements of an account with Orrick, for the simple fact that he had no account(s).

19. Clarity recorded the entity requesting the reports as "The Bank of Orrick - OFAC Monitoring."

20. OFAC almost certainly is shorthand for the Office of Foreign Assets Control ("**OFAC**"), a governmental agency.

21. Presumably, the "OFAC Monitoring" description is intended to indicate that Orrick was checking to see if Mr. Porter was on the United States Department of the Treasury's Specially Designated Nationals and Blocked Persons ("**SDN**") list, which includes names of suspected terrorists, narcotics traffickers, and other criminal elements.

22. Because Mr. Porter had no financial, employment, or insurance relationship with Orrick between September 2, 2022, and the filing of this Complaint, and he did not apply for any loan with Orrick, nor did he have any other relationship that would create a permissible purpose to obtain a consumer credit report, Orrick lacked any basis to request a report on Mr. Porter.

23. Assuming, *arguendo*, that Orrick's purpose in obtaining the reports about Mr. Porter was to determine if he was on the OFAC's SDN list, common

sense would dictate a negative result in September 2022 would not require four subsequent checks over the next few months.

24. Moreover, the OFAC provides a free, web-based portal in which anyone can search the SDN, including Orrick.

25. Thus, if Orrick was concerned that Mr. Porter was on the SDN list, it could have obtained verification that he was not on such list without violating the FCRA.

26. Orrick knowingly and intentionally obtained at least five credit reports from Clarity under false pretenses and did so knowing it had no permissible purpose under the FCRA to obtain such reports.

27. Mr. Porter has suffered emotional distress as a result of Orrick's invasion of his privacy in requesting credit reports via unauthorized means.

28. Mr. Porter has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FCRA – 15 U.S.C. § 1681b(f)

29. Mr. Porter adopts and incorporates paragraphs 1 – 28 as if fully restated herein.

30. Orrick violated **15 U.S.C. § 1681b(f)**, either willfully and intentionally or recklessly and without regard for a consumer's rights, by requesting credit

reports regarding Mr. Porter from Clarity at least five times without a permissible purpose.

31. Orrick's willful violation is evinced by the frequency of violations within a four-month period.

32. Orrick's willful conduct renders it liable under the FCRA to Mr. Porter for the greater of his actual damages and statutory damages of up to $1,000 per incident.

33. Alternatively, Orrick was negligent in requesting a consumer report regarding Mr. Porter without a permissible purpose, and Mr. Porter is entitled to his actual damages.

**WHEREFORE,** Mr. Porter respectfully requests that this Honorable Court enter judgment against the Orrick as follows:

    a. The greater of Mr. Porter's actual damages or statutory damages of $1,000 per violation (for a total of at least **$5,000**) pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Porter's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and / or 15 U.S.C. § 1681o(a)(2); and,

    c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Porter hereby demands a jury trial on all issues so triable.

Respectfully submitted this February 10, 2023, by:

**SERAPH LEGAL, P. A.**

/s/ *Brandon D. Morgan*
Brandon D. Morgan, Esq.
Florida Bar Number: 1015954
BMorgan@SeraphLegal.com

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
TBonan@SeraphLegal.com

1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A   Mr. Porter's Clarity Consumer Disclosure, January 30, 2023, Inquiries – Excerpt